# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
JUL 19 2019
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Cecil Masters | ) Case No. | 19 MJ-1100 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____July 17, 2019_____ in the county of _____Macon_____ in the
_____Middle_____ District of _____Tennessee_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. § 5861(d) | Receipt or possession of an unregistered firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Adrienne N. Martinez, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/19/2019

_____
Judge's signature

Barbara D. Holmes
*Printed name and title*

City and state: _____

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Adrienne N. Martinez, having been duly sworn, hereby depose and swear to the following:

1. I, Adrienne N. Martinez, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and have been so employed since 2018. As an ATF agent, I have attended training at the Federal Law Enforcement Training Center in Brunswick, Georgia. Prior to my employment with ATF, I was a police officer in Sterling, Illinois, for the Sterling Police Department for five (5) years. I have been trained in conducting investigations into violations of the Federal firearms laws, the Controlled Substances Act, and other violations of Federal law, including gang, racketeering, and violence-related offenses.

2. The facts contained in this statement are based on personal knowledge or information learned during this investigation from law enforcement sources or from witnesses. This statement does not contain each and every detail known by your affiant regarding this investigation. Instead, this statement provides information necessary to establish probable cause to arrest Cecil MASTERS for a violation of Title 26, United States Code, Section 5861(d). Except where indicated, all statements referenced herein are set forth in substance and in part, rather than verbatim.

3. Late in the evening on July 17, 2019, officers with the Macon County Sheriff's Office traveled to an Emergency Medical Services ("EMS") station in Macon County, Tennessee, to investigate a report of a male suspect who had blown his hand off as the result of an explosion. The male suspect was later identified as Cecil MASTERS.

4. When the officers arrived at the EMS station, they spoke with W-1, MASTERS's girlfriend. W-1, who had accompanied MASTERS to the EMS station, advised that the above-described explosion had occurred at 7783 Rocky Mound Road, Westmoreland, Tennessee 37186 (the "premises"), which is located in the Middle District of Tennessee. MASTERS and W-1 live together at the premises.

5. Officers traveled to the premises to investigate the circumstances surrounding the above-described explosion. During a sweep of the premises, officers entered a detached garage, and observed what appeared to be a pipe bomb on a workbench inside the garage. The officers secured the scene and enlisted the aid of the Tennessee Highway Patrol ("THP") Bomb Unit and agents with the ATF.

6. Inside the detached garage, THP troopers observed an intact pipe bomb on top of a workbench. They also observed blood in and around the workbench. They observed what appeared to be another pipe being held upright in a vise. They observed a container of smokeless powder on top of the workbench. And they observed what appeared to be consumer fireworks on and around the workbench.

7. Your affiant has spoken with ATF Special Agent Mark Hoback, a certified explosives specialist. Agent Hoback has advised me that smokeless powder is a low explosive material and is also often used in the reloading of ammunition. Agent Hoback has also advised me that smokeless powder can be used as the explosive in destructive devices, including pipe

bombs. At this time there has been no forensic analysis of the smokeless powder recovered from the garage.

8. After securing the premises, officers attempted to obtain consent to search the premises from W-1. At the same time, and in order to address the public safety issue arising from the presence of an unexploded pipe bomb on the premises, officers determined that it was necessary to render safe the pipe bomb that was on the workbench.

9. THP troopers thereafter rendered safe the pipe bomb that was on the workbench. During the render safe procedure, a THP trooper also observed what appeared to be powder inside the pipe bomb.

10. At some point after the render-safe procedure, officers with the Macon County Sheriff's Office arrived with a state court warrant authorizing a search of the premises. Law enforcement officers then searched the residence, the detached garage, and a shed at the premises, as well as other outbuildings.

11. Inside the residence, officers with the Macon County Sheriff's Office recovered numerous firearms, ammunition, approximately $6,500 in cash, several containers of low explosive powders, and suspected controlled substances.

12. Inside the garage, ATF agents recovered consumer fireworks from the workbench area; a container of smokeless powder from the workbench; pyrotechnic fuse, which can be used to ignite pipe bombs; pipe fittings from the workbench area; silicone caulk, which can be used as a sealant for pipe bombs; and the upright pipe that was observed in the vise on the workbench.

13. During the recovery of these items in the garage, ATF agents also observed what appeared to be chunk of human flesh on the workbench. MASTERS's injuries included the loss of three fingers on his left hand; the partial loss of his other two remaining fingers; and the impaction of shrapnel in his face and chest.

14. Inside a shed on the premises, ATF agents recovered assorted consumer fireworks.

15. In an initial interview with agents, W-1 told the agents that MASTERS had injured himself reloading ammunition. During a subsequent interview with law enforcement officers, however, W-1 reported that MASTERS had been using old pipes from within the residence to make and detonate pipe bombs, and that W-1 had observed MASTERS detonate pipe bombs in a pond located on the premises on previous occasions.

16. Special Agent Hoback has checked the National Firearms Act Registry, also known as the National Firearms Registration and Transfer Record ("NFRTR"), and found that MASTERS does not have any firearms registered to him in the NFRTR.

17. Title 26, United States Code, Section 5845(a)(8) defines a "firearm" as a "destructive device."

2

18. Title 26, United States Code, Section 5845(f)(1)(A), defines a "destructive device" as "any explosive, incendiary, or poison gas bomb."

19. Title 26, United States Code, Section 5861(d), provides that it is unlawful for any person to receive or possess a firearm which is not registered to him in the NFRTR.

20. Based upon the foregoing, your affiant submits that there is probable cause to believe that Cecil MASTERS committed a violation of Title 26, United States Code, Section 5861(d).

AM